UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA-AMERICAN WATER COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TOWN OF MOORESVILLE, and THE MOOREVILLE TOWN COUNCIL GEORGE WATKINS, in his individual and Official capacities, JEFFREY M. COOK, in his individual and official capacities, ANTHONY LANGLEY, in his individual and official capacities, VIRGINIA PERRY, in her individual and official capacities, MARK MATHIS, in his individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 1:12-cv-1493-TWP-DML

## ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES

The Defendants, the Town of Mooresville ("Town"), the Mooresville Town Council (the "Council"), George Watkins ("Watkins"), Jeffrey M. Cook ("Cook"), Anthony Langley ("Langley"), Virginia Perry ("Perry'), and Mark Mathis ("Mathis"), by counsel, for their Answer and Affirmative Defenses to the Complaint for Declaratory and Injunctive Relief and for Damages (the "Complaint") filed by the Plaintiff, Indiana-American Water Company, Inc. ("IAWC"), state as follows:

**ANSWER**

1.      IAWC is a corporation organized under the laws of the State of Indiana with its headquarters in Greenwood, Indiana.  It is Indiana's largest water utility company, serving more than a million Hoosiers in more than 50 different communities, including Mooresville.

**ANSWER**:  The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2.      The Town of Mooresville ("Town") is a political subdivision located in Morgan County, Indiana.

**ANSWER**:  The Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3.      The Mooresville Town Council ("Town Council") is the governing body for the Town of Mooresville.

**ANSWER**:  The Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4.      Anthony Langley is a member of the Town Council. He is sued in his individual and official capacities.

**ANSWER**:  The Defendants admit that Langley is a member of the Council.  The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 4 of the Complaint.

5.      George Watkins is a member and president of the Town Council. He is sued in his individual and official capacities.

**ANSWER**:   The Defendants admit that Watkins is a member of the Council.   The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 5 of the Complaint.

6.      Jeffrey M. Cook is a member of the Town Council. He is sued in his individual and official capacities.

**ANSWER**:   The Defendants admit that Cook is a member of the Council.   The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 6 of the Complaint.

7.      Virginia Perry is a member of the Town Council. She is sued in her individual and official capacities.

**ANSWER**:   The Defendants admit that Perry is a member of the Council.   The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 7 of the Complaint.

8.      Mark Mathis is a member of the Town Council. He is sued in his individual and official capacities.

**ANSWER**:   The Defendants admit that Mathis is a member of the Council.   The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 8 of the Complaint.

9.      The Court has preferred venue pursuant to Ind. Trial Rule 75 and venue pursuant to Ind. Code § 32-24-1-3 and § 5-14-3-9.

**ANSWER**:   The allegations set forth in Paragraph 9 of the Complaint assert legal conclusions, not a short plain statement of the facts.   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 9 of the Complaint.

10.     The Court has subject matter and personal jurisdiction over the parties.

**ANSWER**:   The allegations set forth in Paragraph 10 of the Complaint assert legal conclusions, not a short plain statement of the facts.   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 10 of the Complaint.

### Facts Applicable To All Claims

11.     IAWC operates a water utility system that provides water service to residents, businesses and governmental units in and around Mooresville (the "IAWC Mooresville Operation").

**ANSWER**:   The Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.     IAWC has operated the IAWC Mooresville Operation since 2000.

**ANSWER**:   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 12 of the Complaint.

13.     On July 23, 2012, counsel for the Town sent to IAWC a document purporting to be a notice of a public hearing (the "Defective Notice").

**ANSWER**:   In response to the allegations set forth in Paragraph 13 of the Complaint, the Defendants admit that the Town issued a document titled Notice of Public Hearing by the Town of Mooresville (the "Notice") on or about July 23, 2012, and a copy was provided to IAWC. The Defendants deny the remainder of the allegations set forth in Paragraph 13 of the Complaint.

14.     A true and accurate copy of the Defective Notice is attached hereto as Exhibit A.

**ANSWER**:   In response to the allegations set forth in Paragraph 14 of the Complaint, the Defendants admit that a copy of the Notice is attached to the Complaint as Exhibit A.   The Defendants deny the remainder of the allegations set forth in Paragraph 14 of the Complaint.

15.     The Defective Notice stated:

**<u>NOTICE OF PUBLIC HEARING BY THE TOWN OF MOORESVILLE</u>**
ORDINANCE   DECLARING   THAT   THE   PUBLIC
CONVENIENCE AND NECESSITY REQUIRE THE TOWN OF
MIOORESVILE TO ESTABUSH A MIUNICIPALLY OWNED
UTILITY AND THEREAFTER CONSTRUCT OR ACQUIRE
UTILITY ASSETS AND FACILITIES.

At the August 7, 2012 meeting of the Town Council ("Council")
for the Town of Mooresville ("Mooresville"), the Council will hold a
public hearing to receive public comment regarding the Town's
consideration of an ordinance declaring that the public convenience and
necessity require the establishment of a municipally owned water utility
and the construction or acquisition of utility assets and facilities. For
further information regarding the hearing or proposed ordinance, please
contact Mooresville's attorney, J. Christopher Janak, 111 Monument
Circle,   Suite   2700,   Indianapolis,   Indiana   46204,   email:
cjanak@boselaw.com or phone number: 317-685-5249.

**<u>ANSWER</u>**:  In response to the allegations set forth in Paragraph 15 of the Complaint, the

Defendants contend that the Notice more accurately speaks for itself.

16.     The Defective Notice did not indicate when and where the meeting would take

place.

**<u>ANSWER</u>**:  In response to the allegations set forth in Paragraph 16 of the Complaint, the

Defendants contend that the Notice more accurately speaks for itself.

17.     Upon receiving the Defective Notice, IAWC attempted to communicate with the

Town regarding the proposed ordinance to which the Defective Notice refers (the "Proposed

Ordinance").

**<u>ANSWER</u>**:   The Defendants are without sufficient information to admit or deny the

allegations set forth in Paragraph 17 of the Complaint.

18.     Pursuant to the language of the Defective Notice, IAWC contacted Mooresville's Indianapolis-based attorney, Mr. J. Christopher Janak, "for further information regarding the hearing or proposed ordinance."

**ANSWER**:  The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Mr. Janak did not return that phone call. Instead, one of his colleagues at the same law firm, Mr. Stephen Unger, contacted counsel for IAWC.

**ANSWER**:  In response to the allegations set forth in Paragraph 19 of the Complaint, the Defendants admit that Stephen Unger contacted counsel for the Plaintiff.  The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 19 of the Complaint.

20.     Mr. Unger would not provide "further information regarding the hearing or proposed ordinance." He did not provide copies of the proposed ordinance or any other public documents or information sought by IAWC.

**ANSWER**:  In response to the allegations set forth in Paragraph 20 of the Complaint, the Defendants admit that Stephen Unger contacted counsel for the Plaintiff.  The Defendants deny the remainder of the allegations set forth in Paragraph 19 of the Complaint.

21.     Instead, Mr. Unger confirmed only that the meeting would occur on August 7, 2012 and that IAWC would be allowed to make a half-hour presentation.

**ANSWER**:  In response to the allegations set forth in Paragraph 21 of the Complaint, the Defendants admit that Stephen Unger contacted counsel for the Plaintiff, confirmed for the Plaintiff's counsel the date and time of the hearing before the Council, invited the Plaintiff or counsel for the Plaintiff to participate, and otherwise answered all of the questions of counsel for

the Plaintiff.  The Defendants deny the remainder of the allegations set forth in Paragraph 21 of the Complaint.

22.     IAWC attempted to obtain the Proposed Ordinance, meeting minutes and other information regarding the Proposed Ordinance from the website maintained by the Town.

**ANSWER**:  The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 22 of the Complaint.

23.     However, the portion of the Town's website where public documents are ostensibly maintained could only be accessed by those given a password by the Town.

**ANSWER**:  The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 23 of the Complaint.

24.     IAWC therefore served an access to public records request (the "Request") on July 25, 2012.

**ANSWER**:  In response to the allegations set forth in Paragraph 24 of the Complaint, the Defendants admit that the Plaintiff served a public records request (the "Request') on or about July 25, 2012.

25.     A true and accurate copy of the Request is attached hereto as Exhibit B.

**ANSWER**:  The Defendants admit the allegations set forth in Paragraph 25 of the Complaint.

26.     The Request compelled the Town to produce:

a.      A copy of the proposed ordinance;

b.      Agenda, notices and minutes of Town Council meetings from 2012;

c.      Minutes of Town Council executive sessions from 2012; and

d.      Any studies the Town or its consultants had conducted regarding the operation of a water utility.

**ANSWER**:  In response to the allegations set forth in Paragraph 25 of the Complaint, the Defendants contend that the Request more accurately speaks for itself.

27.      On July 31, 2012, the Town responded to the Request by letter from its counsel, Mr. Janak.

**ANSWER**:  In response to the allegations set forth in Paragraph 27 of the Complaint, the Defendants admit that the Town's counsel responded to the Request with a letter dated July 31, 2012 (the "Letter").   The Defendants deny that the Letter was the only response to the Request.

28.      A true and accurate copy of the letter is attached hereto as Exhibit C.

**ANSWER**:   The Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29.      No documents were produced with the letter.

**ANSWER**:  In response to the allegations set forth in Paragraph 29 of the Complaint, the Defendants contend that the Letter more accurately speaks for itself.

30.      Instead, the Town's letter stated that the Town's attorneys "are reviewing your request and will begin the collection of responsive materials, if any. Any applicable non-exempt and responsive materials will be provided within a reasonable time given the circumstances and breadth of [the] request."

**ANSWER**:  In response to the allegations set forth in Paragraph 30 of the Complaint, the Defendants contend that the Letter more accurately speaks for itself.

31.      The documents sought by the Request were relevant to the August 7, 2012 public hearing regarding the Proposed Ordinance.

**ANSWER**:   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 31 of the Complaint.

32.      The Town did not produce any documents prior to that hearing.

**ANSWER**:  In response to the allegations set forth in Paragraph 32 of the Complaint, the Defendants contend that the Letter more accurately speaks for itself.

33.      Despite repeated requests that they do so, the Town, Town Council and its attorneys refused to meet with IAWC prior to the public hearing.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.      Prior to the August 7, 2012 hearing, the Town refused to provide any information about the Proposed Ordinance, studies it had conducted regarding the IAWC Mooresville Operation, why it proposed to engage in a hostile government takeover of the IAWC Mooresville Operation, or any other salient facts or information pertinent to the Proposed Ordinance or matters to be addressed at the public hearing.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.      The only information the Town provided IAWC prior to the public hearing was that the Town was considering an ordinance and that it would give IAWC thirty (30) minutes to speak at the hearing.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.      The Town Council met as planned on August 7, 2012.

**ANSWER**:   The Defendants admit the allegations set forth in Paragraph 36 of the Complaint.

37.     All of the individual Town Council members were present except Mr. Mathis.

**ANSWER**:   The Defendants admit the allegations set forth in Paragraph 37 of the Complaint.

38.     At that meeting, the Town Council allowed a period of time for public comments.

**ANSWER**:   The Defendants admit the allegations set forth in Paragraph 38 of the Complaint.

39.     However, because the Town, the Town Council and its individual members refused to provide the Proposed Ordinance or any other relevant information about what matters were actually under consideration before the Town Council, it was impossible for IAWC (or any member of the public in attendance) to provide complete and meaningful comments on the proposed Ordinance.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     The conduct of the Town, the Town Council and its individual members deprived IAWC of the adequate means to meaningfully address the Proposed Ordinance at the public hearing.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     IAWC representatives informed the Town Council that they had been deprived of sufficient information to address whatever unstated concerns the Town Council had regarding

the IAWC Mooresville Operation or whatever as-of-yet unrevealed Proposed Ordinance it was considering.

**ANSWER**:  In response to the allegations set forth in Paragraph 41 of the Complaint, the Defendants admit that IAWC complained when it presented at the August 7, 2012 hearing, in part, that it did not have information IAWC believed it should have. The Defendants deny the remainder of the allegations set forth in Paragraph 41 of the Complaint.

42.    IAWC was therefore limited to making a general presentation about its operations in Mooresville, the benefits it has provided to the community and the service it provides to its customers.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.    The Proposed Ordinance was not read at the public hearing or at any point during the August 7, 2012 Town Council meeting.

**ANSWER**:  In response to the allegations set forth in Paragraph 43 of the Complaint, the Defendants admit that the Ordinance attached as Exhibit D to the Complaint ("Ordinance") was not read at the meeting on August 7, 2012.

44.    The Proposed Ordinance was not provided to the public or to IAWC at any time prior, during or after the public hearing.

**ANSWER**:  In response to the allegations set forth in Paragraph 44 of the Complaint, the Defendants admit that the Ordinance was not read or distributed prior to or at the meeting on August 7, 2012.  The Defendants deny the remainder of the allegations set forth in Paragraph 44 of the Complaint.

45.     After the public comment period was closed and IAWC had made its presentation, Town Council Member Anthony Langley was allowed to make a PowerPoint presentation pertaining to Mr. Langley's belief that the Town should operate its own municipal utility in lieu of IAWC.

**ANSWER**:  In response to the allegations set forth in Paragraph 45 of the Complaint, the Defendants admit that Langley made a presentation concerning the Plaintiff at the meeting on August 7, 2012.

46.     Mr. Langley prepared his presentation prior to the public hearing. He stated that he had reviewed the issues presented over a period of weeks and concluded, as stated in his prepared presentation, that he favored the creation of a municipal water utility that would deprive IAWC of its existing Mooresville service territory.

**ANSWER**:  In response to the allegations set forth in Paragraph 46 of the Complaint, the Defendants admit that Langley made a presentation concerning the Plaintiff at the meeting on August 7, 2012.  The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 46 of the Complaint.

47.     Mr. Langley had prejudged his vote in favor of the Proposed Ordinance prior to the August 7, 2012 public hearing.

**ANSWER**:  In response to the allegations set forth in Paragraph 47 of the Complaint, the Defendants admit that Langley made a presentation concerning the Plaintiff at the meeting on August 7, 2012 and spoke in favor of items that were ultimately incorporated into the Ordinance.

48.     Although Mr. Langley indicated that he had been engaged in studying the IAWC Mooresville Operation over a period of weeks, he had never communicated with IAWC about

any of the issues addressed in his presentation. As with other Town Council members and the Town Council's attorneys, he had in fact refused to meet with IAWC.

**ANSWER**:  In response to the allegations set forth in Paragraph 48 of the Complaint, the Defendants admit that Langley made a presentation concerning the Plaintiff at the meeting on August 7, 2012.  The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 48 of the Complaint.

49.    Mr. Langley's presentation was based largely on a study conducted by a consultant retained by the Town.

**ANSWER**:  In response to the allegations set forth in Paragraph 49 of the Complaint, the Defendants admit that Langley made a presentation concerning the Plaintiff at the meeting on August 7, 2012.  The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 49 of the Complaint.

50.    That study was subject to IAWC's public access request but was not provided prior to the public hearing.

**ANSWER**:  In response to the allegations set forth in Paragraph 50 of the Complaint, the Defendants contend that the Request more accurately speaks for itself.  The Defendants further admit providing certain documents responsive to the Request on or about August 8, 2012, and August 9, 2012.

51.    The Town, Town Council and its individual members continue to refuse to provide copies of that study or any other study conducted regarding the IAWC Mooresville Operation.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

13

52.     Mr. Langley's presentation contained numerous false statements of fact and/or misunderstandings, misinterpretations or misapprehensions of the facts, law, rates charged by IAWC and services provided by IAWC.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     The conduct of the Town, the Town Council and its individual members deprived IAWC of the ability to present any rebuttal to Mr. Langley's false and misleading presentation.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Instead, the public comment period was closed prior to Mr. Langley's presentation and IAWC was deprived of any ability to present evidence or argument to rebut the baseless allegations, false statements, erroneous analysis and other misapprehensions that were replete in Mr. Langley's presentation.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     IAWC was not aware of any of the statements Mr. Langley would make prior to his presentation. Indeed, IAWC was not even aware that Mr. Langley would make such a presentation prior to the August 7, 2012 hearing.

**ANSWER**:   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Having been denied a copy of the Proposed Ordinance, the study on which Mr. Langley relied and copies of his presentation prior to the public hearing, IAWC was not able to address the issues in front of the Town Council in a meaningful manner.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.    None of the Town Council members made a motion regarding the Proposed Ordinance at the August 7, 2012 hearing.

**ANSWER**:   The Defendants admit the allegations set forth in Paragraph 57 of the Complaint.

58.    The Town Council did not submit the Proposed Ordinance to a first reading at the August 7, 2012 public hearing.

**ANSWER**:   The Defendants admit the allegations set forth in Paragraph 58 of the Complaint.

59.    On August 8, 2012 — the day after the public hearing — the Town finally produced two documents — the PowerPoint presentation Mr. Langley had made and a copy of the Proposed Ordinance.

**ANSWER**:   In response to the allegations set forth in Paragraph 59 of the Complaint, the Defendants admit providing certain documents to the Plaintiff's counsel on or about August 8, 2012.

60.    This production was IAWC's first opportunity to review the Proposed Ordinance actually under consideration during the public hearing that had already occurred on August 7, 2012.

**ANSWER**:   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 60 of the Complaint.

61.    On August 9, 2012 — two days after the public hearing -- the Town produced additional documents, including 2012 meeting minutes, agendas and notices.

**ANSWER**:  In response to the allegations set forth in Paragraph 61 of the Complaint, the Defendants admit providing certain documents to the Plaintiff's counsel on or about August 9, 2012.

62.     The Town continues to withhold the study to which Mr. Langley referred and any other studies on which the Town has relied in regard to the IAWC Mooresville Operation.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     It also has withheld copies of recordings of Town Council meetings.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     On August 10, 2012, the Town Council met for a special meeting. Contrary to reports, the Town refused to allow any public comment at the special meeting.

**ANSWER**:  In response to the allegations set forth in Paragraph 64 of the Complaint, the Defendants admit that the Council held a meeting on August 10, 2012 and that no public comment was received at the meeting.   The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 64 of the Complaint.

65.     The Town Council suspended the rules to allow for voting on an ordinance on first reading.

**ANSWER**:  In response to the allegations set forth in Paragraph 65 of the Complaint, the Defendants admit that the Council held a meeting on August 10, 2012 and that Council suspended its rules provided by applicable law to allow for a vote on an ordinance on first reading.

66.    At the special meeting, the Town Council voted to approve the Proposed Ordinance by a unanimous vote (the "Enacted Ordinance"). A true and accurate copy of the Enacted Ordinance is attached hereto as Exhibit D.

**ANSWER**:  In response to the allegations set forth in Paragraph 66 of the Complaint, the Defendants admit that the Council held a meeting on August 10, 2012, admit that the Council unanimously voted to approve Ordinance 12-2012 (the "Enacted Ordinance"), and admit that a copy of the Enacted Ordinance is attached to the Complaint as Exhibit D.

67.    The Enacted Ordinance states that it is in the "public convenience and necessity" to establish a water utility for the Town.

**ANSWER**:  In response to the allegations set forth in Paragraph 67 of the Complaint, the Defendants contend that the Enacted Ordinance more accurately speaks for itself.

68.    The Enacted Ordinance states that the Town "hereby establishes a municipally owned water utility with all the rights and authorities attendant thereto."

**ANSWER**:  In response to the allegations set forth in Paragraph 68 of the Complaint, the Defendants contend that the Enacted Ordinance more accurately speaks for itself.

69.    The Enacted Ordinance states that the Town "exercises its power to own, acquire, construct, lease, operate, control and/or contract for the use of water assets and facilities for the purpose of providing water service both inside and outside the Town's municipal limits."

**ANSWER**:  In response to the allegations set forth in Paragraph 69 of the Complaint, the Defendants contend that the Enacted Ordinance more accurately speaks for itself.

70.    The Enacted Ordinance purports to impinge on the existing water utility service provided by IAWC in and around Mooresville.

**ANSWER**:  In response to the allegations set forth in Paragraph 70 of the Complaint, the Defendants contend that the Enacted Ordinance more accurately speaks for itself.   The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 70 of the Complaint.

71.     The Enacted Ordinance purports to deprive IAWC of its current, existing right to provide water service territory in and around Mooresville.

**ANSWER**:  In response to the allegations set forth in Paragraph 71 of the Complaint, the Defendants contend that the Enacted Ordinance more accurately speaks for itself.   The Defendants deny the remainder of the allegations set forth in Paragraph 71 of the Complaint.

72.     The Enacted Ordinance declares that it is effective on the day of its adoption.

**ANSWER**:  In response to the allegations set forth in Paragraph 72 of the Complaint, the Defendants contend that the Enacted Ordinance more accurately speaks for itself.

73.     After the August 10, 2012 special meeting, IAWC made numerous requests through the Town's outside counsel for a meeting with counsel and individual members of the Town Council to discuss the matter. The individual members have refused to meet with IAWC, and have, through the Town's outside attorney, stated that only the Town's outside attorney would meet with IAWC.

**ANSWER**:   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Documents provided by the Town after the Town Council voted to approve the Proposed Ordinance reveal that well in advance of giving IAWC or the public notice, and well in advance of the August 7, 2012 "hearing," and well in advance of the August 10, 2012 special meeting, the Defendants signed a contract with an appraisal firm to evaluate the market value of

IAWC's water utility. This and other actions taken by all of the Defendants before the notice and hearing confirm that all of the Defendants prejudged the decision to approve the Proposed Ordinance, and the "public hearing" conducted on August 7, 2012 was a farce.

**ANSWER**:   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 74 of the Complaint.

75.    On September 24, 2012, the Town's outside attorney sent correspondence to IAWC which stated:

To Whom It May Concern:

As you know, the Town of Mooresville ("Town") is considering whether to exercise its statutory right to purchase Indiana American Water Company's Mooresville Water Production, Transmission, and Distribution Facilities. Pursuant to I.C. § 32-24-1-3, the Town may enter upon Indiana American's property "to examine and survey the property sought to be acquired." To exercise this right of entry, the Town can obtain the consent of the property owner or mail notice fourteen (14) days prior to the date of the visit. I have contacted your attorney in an effort to obtain Indiana American's consent, but I have not received a definitive response. Consequently, this letter is intended to serve as notice that representatives of the Town, its appraisers, and engineers intent to enter upon Indiana American's property on October 8, 2012 beginning at 9:00 a.m.

To minimize the inconvenience to your business, the Town would request that the following items (which the Town seeks to acquire) be made available for examination.

1.    Any contracts that IAWC has (Mooresville Utility) with other utilities and/or entities;

2.    All titles for vehicles and equipment;

3.    All engineering reports, maintenance and repair logs, and wellhead protection plan;

4.    All reports, studies, maps and other information detailing all the facilities used by IAWC to provide service to the Mooresville customers;

5.    All permits, approvals, and documentation indicating outstanding loans and liabilities of the utilities; and

6. All reports, studies, and compliance papers filed with any state or federal agency.

The Town anticipates completing the inspection in one (1) day; however, the inspection may continue from day to day until completed. The Town may also seek additional information in addition to the items listed in paragraph 2 and individual items numbered 1-6 above.

**ANSWER**:  In response to the allegations set forth in Paragraph 75 of the Complaint, the Defendants admit that the Town's attorney send a letter dated September 24, 2012 to the Plaintiff's attorney (the "September 24 Letter").  The Defendants contend that the September 24 Letter more accurately speaks for itself.

76. A true and accurate copy of the September 24, 2012 Correspondence is attached as Exhibit E.

**ANSWER**:   The Defendants admit the allegations set forth in Paragraph 76 of the Complaint.

77. The Town's demand to enter upon IAWC's property on October 8, 2012 was made after the Town was informed that October 8, 2012 was not a convenient date.

**ANSWER**:   The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 77 of the Complaint.

78. More importantly, the Town's demand that it be allowed to enter IAWC's property is unlawful, contrary to the statute cited by the Town, and unconstitutional. To the extent the statute could somehow be read to allow the invasion of privacy and unlawful entry demanded by the Town, the statute is unconstitutional.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.     Additionally, to the extent the purported notice contained in the September 24, 2012 Correspondence attempts to require IAWC to make personal property and materials available for inspection which property and materials are not located in Morgan County, the purported notice is unlawful and unenforceable, regardless of any other defect in the purported notice.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.      On information and belief, the Defendants seek to take over the IAWC Mooresville Operation so that one or more of the individual defendants can personally benefit by being employed to operate the municipal-owned water utility.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

### Count I— Violation Of Due Process

81.     IAWC incorporates Paragraphs 1-80 as if fully stated herein.

**ANSWER**:   The Defendants incorporate by reference its responses to paragraphs 1 through 80 as if fully restated herein.

82.     Under 42 U.S.C. § 1983, a person may be held liable if he or she acts under color of state law to deprive another person of any right, privilege or immunity secured by the federal constitution.

**ANSWER**:   The allegations set forth in Paragraph 82 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.   The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 82 of the Complaint.

83.     The Town, the Town Council and the individual members of the Town Council acted under color of state law at the August 7, 2012 public hearing and in promulgating the Enacted Ordinance.

**ANSWER**:  The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 83 of the Complaint.

84.     The Fourteenth Amendment requires the Town, the Town Council and its individual members to provide due process prior to depriving a person of a property interest.

**ANSWER**:  The allegations set forth in Paragraph 84 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.  The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 84 of the Complaint.

85.     IAWC has a property interest in the IAWC Mooresville Operation and the service territory served by the IAWC Mooresville Operation.

**ANSWER**:  The allegations set forth in Paragraph 85 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.  The Defendants deny the remainder of the allegations set forth in Paragraph 85 of the Complaint.

86.     The Enacted Ordinance purports to deprive IAWC of that property interest by purporting to prevent IAWC from providing service through the IAWC Mooresville Operation and within the territory served by the IAWC Mooresville Operation.

**ANSWER**:  The allegations set forth in Paragraph 86 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.  The Defendants deny the remainder of the allegations set forth in Paragraph 86 of the Complaint.

87.     Due process required the Town, Town Council and its individual members to provide IAWC notice and a meaningful opportunity to be heard before the Town, Town Council and its individual members could deprive IAWC of its property interest.

**ANSWER**:  The allegations set forth in Paragraph 87 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.  The Defendants deny the remainder of the allegations set forth in Paragraph 87 of the Complaint.

88.     The Town, Town Council and its individual members violated IAWC's right to due process by failing to give proper notice for the public hearing on August 7, 2012, because, inter alia, the Town, Town Council and its individual members did not give IAWC notice and fair warning of the issues to be addressed at the August 7, 2012 public hearing.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     It is a fundamental requirement of due process that a state actor must provide an opportunity to be heard at a meaningful time and in a meaningful manner before depriving a person of a property interest.

**ANSWER**:  The allegations set forth in Paragraph 89 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.  The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 89 of the Complaint.

90.     The Town, Town Council and its individual members failed to provide due process by depriving IAWC of a fair and meaningful opportunity to be heard at the August 7, 2012 hearing.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     The Town, the Town Council and its individual members deprived IAWC of an opportunity to be heard at a meaningful time and in a meaningful manner because, inter alia, they:

(a)     failed to provide notice as to the subjects, issues and matters to be addressed at the hearing;

(b)     failed to provide a copy of the Proposed Ordinance so that IAWC could have notice of what actions the Town, Town Council and its individual members were contemplating in regard to the IAWC Mooresville Operation;

(c)     failed to respond to the Request or otherwise provide information necessary for IAWC to make a full and complete presentation at the hearing;

(d)     allowed a member of the Town Council — Mr. Langley — to present facts and arguments after the public record was closed, thereby denying IAWC any opportunity to address or rebut the false, erroneous, and confused statements made by Mr. Langley as well as his misapprehensions and misunderstandings regarding IAWC; and

(e)     relied on an engineering report and other materials that were not made available to the public or to IAWC so that IAWC had no opportunity to review — much less rebut — the matters under consideration.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Due process also requires a fair hearing in front of an impartial decision maker.

**ANSWER**:  The allegations set forth in Paragraph 92 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.  The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 92 of the Complaint.

93.     The Town, Town Council and all of its individual members failed to provide a fair hearing in front of an impartial decision maker, because, *inter alia*, they all had prejudged the issues and determined to enact the Proposed Ordinance prior to the August 7, 2012 hearing.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Because the Enacted Ordinance was enacted in violation of IAWC's right to due process, it is void as a matter of law.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.     IAWC is entitled to a preliminary injunction, permanent injunction and a declaratory judgment prohibiting the Town, Town Council and its individual members from enforcing or acting upon the Enacted Ordinance.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     IAWC is also entitled to damages incurred on account of the deprivation of its due process rights.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Pursuant to 42 U.S.C. § 1988, IAWC is entitled to recover the attorney's fees it has incurred and will incur in this matter.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

### Count II— Failure To Give Proper Notice Under Ind. Code 8-1.5-2-10

98.     IAWC incorporates Paragraphs 1-97 as if fully stated herein.

**ANSWER**:   The Defendants incorporate by reference its responses to paragraphs 1 through 97 as if fully restated herein.

99.     The Defective Notice states that it pertained to a public hearing regarding an "ordinance to declare that the public convenience and necessity require the Town of Mooresville to establish a municipally owned utility and thereafter construct or acquire utility assets and facilities."

**ANSWER**:   In response to the allegations set forth in Paragraph 99 of the Complaint, the Defendants contend that the Notice more accurately speaks for itself.   The Defendants are without sufficient information to admit or deny the remainder of allegations set forth in Paragraph 99 of the Complaint.

100.     The Enacted Ordinance purports to establish a municipally owned utility.

**ANSWER**:   In response to the allegations set forth in Paragraph 100 of the Complaint, the Defendants contend that the Enacted Ordinance more accurately speaks for itself.   The Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 100 of the Complaint.

101.     Pursuant to Ind. Code § 8-1.5-2-10, the Town Council may not adopt "an ordinance declaring that public convenience and necessity require the construction or acquisition

of a utility" unless it provides 10 days notice to "each public utility furnishing a similar utility service in the municipality, or in the contiguous territory in which the municipality proposes to operate."

**ANSWER**:  The allegations set forth in Paragraph 101 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.  Further, the Defendants contend that the Indiana Code more accurately speaks for itself.

102.    The notice required by Ind. Code § 8-1,5-2-10 must state "the time and place where the hearing will be held."

**ANSWER**:  The allegations set forth in Paragraph 101 of the Complaint assert a legal conclusion more appropriate for a determination by the Court.  Further, the Defendants contend that the Indiana Code more accurately speaks for itself.

103.    The Defective Notice does not state the time and place at which the hearing on the Proposed Ordinance would be held.

**ANSWER**:  In response to the allegations set forth in Paragraph 103 of the Complaint, the Defendants deny that the Notice did not reference a place or a time and further admit that the Plaintiff's counsel was advised of the place and the time.

104.    The Town did not comply with the requirements of Ind. Code § 8-1.5-2-10.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.    The Enacted Ordinance is therefore void and unlawful.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.    The Court should enter a declaratory judgment declaring that the Enacted Ordinance is void and unlawful.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.    The Court should also preliminarily and permanently enjoin the Town, Town Council and its individual members from enforcing the Enacted Ordinance or otherwise taking any action in reliance on it.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

### Count III - Unlawful Search And Seizure

108.    IAWC incorporates Paragraphs 1-107 as if fully stated herein.

**ANSWER**:   The Defendants incorporate by reference its responses to paragraphs 1 through 107 as if fully restated herein.

109.    The Town's purported notice contained in the September 24, 2012 Correspondence is unlawful because the Enacted Ordinance is unlawful and void. Accordingly, Ind. Code § 32-24-1-3 provides no basis for the Town to enter upon IAWC's land or conduct any examination, survey or inspection of IAWC's land or property without its consent.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110.    Therefore, any attempt by the Town to act upon the Enacted Ordinance, or the purported notice contained in the September 24, 2012 Correspondence would not only constitute an unlawful trespass, but because such action would be performed under the color of state of law,

it would be a violation of the Fourth and Fourteenth Amendments of the United States Constitution, and Article I Section 11 of the Indiana Constitution.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.    Additionally, even if the Enacted Ordinance was not unlawful and not invalid, the Town could not enter upon IAWC's land to search and inspect IAWC's business records, contracts, reports, logs, plans, reports, studies, papers, maps, permits, approvals, loan documents and information relating to liabilities and other materials as demanded in the September 24, 2012 Correspondence.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.    Ind. Code § 32-24-1-3 provides only that a public utility seeking to acquire land or interest in land may give fourteen (14) days notice to a land owner for purposes of examining or surveying the land:

> This subsection applies to a public utility . . . . If a public utility . . . *seeks to acquire land or an interest in land* under this article, the public utility . . . may not enter upon the land to examine or survey the property sought to be acquired unless either of the following occur:
>
> > (1)    the public utility . . sends notice by certified mail to the affected *land owner* . . . of the public utility's intension to enter upon the *landowner's property for survey purposes*. The notice required, by this subsection must be mailed no later than fourteen (14) days before the date of the public utility's . . . proposed examination or survey.

Ind. Code § 32-24-1-3(g)(1) (emphasis added).

**ANSWER**:  In response to the allegations set forth in Paragraph 112 of the Complaint, the Defendants contend that the Indiana Code more accurately speaks for itself.  The Defendants deny the remainder of the allegations set forth in Paragraph 112 of the Complaint.

113.    Accordingly, by its express terms, Ind. Code § 32-24-1-3 provides no basis for the Town to do anything other than enter upon IAWC's land to conduct a survey or examination of the land.

**ANSWER**:  In response to the allegations set forth in Paragraph 113 of the Complaint, the Defendants contend that the Indiana Code more accurately speaks for itself.  The Defendants deny the remainder of the allegations set forth in Paragraph 113 of the Complaint.

114.    To the extent Ind. Code § 32-24-1-3 can be read somehow to allow the Town to conduct a pervasive and unlawful search and inspection of IAWC's business records, files, papers and other materials and information identified in the September 24, 2012 Correspondence, Ind. Code § 32-24-1-3 would violate the Fourth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 11 of the Indiana Constitution.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.    The Court should declare that the Town's purported action would violate Ind. Code § 32-34-1-3, and IAWC's Fourth and Fourth Amendment rights under the United States Constitution and violate Article 1, Section 11 of the Indiana Constitution, or alternatively declare that Ind. Code § 32-24-1-3 violates the United States Constitution and Indiana Constitution.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116.    Pursuant to 42 U.S.C. § 1983 and § 1998, the Court should award IAWC damages and attorney's fees.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

117.    Pursuant to Ind. Code 32-24-1-3, IAWC is entitled to recover its actual damages and attorney's fees and costs as a result of the Defendants' violation.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

### Count IV — Violation Of The Indiana Access To Public Records Act

118.    IAWC incorporates Paragraphs 1-117 as if fully stated herein.

**ANSWER**:   The Defendants incorporate by reference its responses to paragraphs 1 through 117 as if fully restated herein.

119.    The Indiana Access to Public Records Act, Ind. Code § 5-14-3-1, et seq. ("APRA") states that "[a] fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. Providing persons with the information is an essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty it is to provide the information." Ind. Code § 5-14-3-1.

**ANSWER**:   In response to the allegations set forth in Paragraph 119 of the Complaint, the Defendants contend that the Indiana Code more accurately speaks for itself.  Further, the

Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 119 of the Complaint.

120.    APRA requires the Town to disclose public records upon request. Ind. Code § 5-14-3-3.

**ANSWER**:  In response to the allegations set forth in Paragraph 120 of the Complaint, the Defendants contend that the Indiana Code more accurately speaks for itself.  Further, the Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 120 of the Complaint.

121.    IAWC made its Requests on July 25, 2012.

**ANSWER**:  In response to the allegations set forth in Paragraph 121 of Complaint, the Defendants admit that the Plaintiff issued the Request on or about July 25, 2012.

122.    Despite the pending public hearing on August 7, 2012, the Town refused to produce any documents prior to that hearing.

**ANSWER**:   The Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123.    The Town was required to produce documents within a reasonable time under Ind. Code § 5-14-3-3.

**ANSWER**:  In response to the allegations set forth in Paragraph 123 of the Complaint, the Defendants contend that the Indiana Code more accurately speaks for itself.  Further, the Defendants are without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 123 of the Complaint.

124.    The time the Town has taken to produce these documents is unreasonable.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

125.    The Town's conduct is unreasonable because it refusal to produce public records (including the very ordinance under consideration and such routine matters as meeting minutes) prejudiced IAWC's ability to present its case at the hearing on August 7, 2012.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126.    While the Town refused to produce these documents in part on the "breadth" of the Request, breadth is not a basis for denial of a public records request.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.    Moreover, far from being broad, the Request was limited to:

(a)    A copy of the proposed ordinance;

(b)    Minutes of Town Council meetings;

(c)    Minutes of Town Council executive session

(d)    "A copy of all studies, analyses, reports, evaluations or assessments performed by or on behalf of the Town of Mooresville, Indiana (the "Town") regarding the establishment by the Town of a municipally owned water utility and/or the construction of utility assets and facilities."

**ANSWER**:  In response to the allegations set forth in Paragraph 127 of the Complaint, the Defendants contend that the Request more accurately speaks for itself.  The Defendants deny the remainder of the allegations set forth in Paragraph 127 of the Complaint.

128.    Minutes are required to be routinely taken at Town Council meetings. Producing such documents is a mere photocopying task.

**ANSWER**:  In response to the allegations set forth in Paragraph 128 of the Complaint, the Defendants admit that minutes are required to be taken during some Town Council meetings. The Defendants deny the remainder of the allegations set forth in Paragraph 128 of the Complaint.

129.    Moreover, while the Town refused to produce both the Proposed Ordinance and the studies conducted regarding the operation of a water utility, the Town Council members had such materials readily available during the August 7, 2012 public hearing and Mr. Langley referred to them both during his presentation at that meeting, which was only after the public and IAWC was no longer able to provide comments or be heard.

**ANSWER**:  The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 129 of the Complaint.

130.    The Town, Town Council and its individual members have not acted in good faith by withholding these documents but instead have purposefully done so in order to prejudice the ability of IAWC and the public to meaningfully participate in the August 7, 2012 public hearing.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

131.    The Town has continued to refuse to produce studies related to the IAWC Mooresville Operation, including the study on which Mr. Langley relied, which was provided to the Town Council.

**ANSWER**:  The Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

132.    The Court should enter an order compelling the Town to produce the documents sought by the Requests immediately.

**ANSWER**:    The Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133.    The Court should also enter a declaratory judgment that the Town's refusal to produce the other documents sought by the Request in a reasonable time violated APRA.

**ANSWER**:    The Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

134.    The Court should award IAWC its attorney's fees and costs for bringing this action under Ind. Code § 5-14-3-9, and impose a civil penalty under Ind. Code § 5-14-3-9.5.

**ANSWER**:    The Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The Complaint fails to state a claim against the Defendants upon which relief can be granted.

2.    Plaintiff has consented to Mooresville's purchase or condemnation of IAWC's Mooresville Operation.  E.g., Ind. Code § 8-1-2-92 & -93.

3.    Plaintiff has failed to exhaust its state remedies, including but not limited to inverse condemnation.

4.    Plaintiff's claims are barred to the extent it has failed to exhaust its administrative remedies.

5.    Plaintiff's claims are not ripe.

6.     Some or all of the allegations in the Complaint are barred by the doctrines of estoppel, wavier, laches, or unclean hands.

7.     George Watkins, Jeffrey M. Cook, Anthony Langley, Virginia Perry, and Mark Mathis are immune from liability, and further cannot be sued in their individual capacities.  Ind. Code § 34-13-3-5.

8.     Defendants are immune from liability for IAWC's claims to the extent the doctrines of absolute or sovereign immunity, qualified immunity, legislative immunity, quasi-legislative immunity, judicial immunity, or quasi-judicial immunity apply.

9.     Plaintiff fails to state a claim against the Defendants in their official capacities or against the Town of Mooresville under 42 U.S.C. § 1983, as it fails to allege the existence of an unconstitutional policy or custom.

10.     All of the Defendants' actions and decisions were made in good faith.

11.     To the extent Plaintiff has alleged any tort claims, Plaintiff has failed to comply with the requirements of the Indiana Tort Claims Act.  Ind. Code § 34-13-3-8 *et seq.*

12.     Defendants are immune from liability under the Ind. Code § 34-13-3-3, including but not limited to subsections (6), (7), (8), (9), (11), and (13).

13.     Plaintiff's claims are barred to the extent they are untimely under Ind. Code § 34-13-6-1.

14.     Plaintiff's Complaint and the allegations therein were knowingly brought in bad faith, are frivolous, groundless, and unreasonable, and were filed for vexatious purposes, including but not limited to the stated purpose of forcing Mooresville to incur unnecessary and extreme legal expenses, thereby entitling the Defendants to an award of attorneys' fees and costs under, including but not limited to: 28 U.S.C. § 1927, 42 U.S.C. § 1988, Rule 11 of the Federal

Rules of Civil Procedure, Ind. Code § 5-14-3-9, Ind. Code § 34-13-3-21, Ind. Code § 34-13-4-4, and Ind. Code § 34-52-1-1.

15.    The Defendants reserve the right to assert additional defenses as may arise in the future or be uncovered through discovery or otherwise.

WHEREFORE, the Defendants, the Town of Mooresville, the Mooresville Town Council, George Watkins, Jeffrey M. Cook, Anthony Langley, Virginia Perry, and Mark Mathis, by counsel, respectfully request that this Court enter a judgment (1) providing that the Plaintiff take nothing by the Complaint for Declaratory and Injunctive Relief and for Damages, (2) awarding the Defendants the attorneys' fees and costs they incurred in defending the Complaint for Declaratory and Injunctive Relief and for Damages, and (3) providing for all other appropriate relief.

<div style="margin-left:40%">

Respectfully submitted,


*/s/ Alan S. Townsend*
Alan S. Townsend
Atty. No. 16887-49
Stephen C. Unger
Atty. No. 25844-49
J. Christopher Janak
Atty. No. 18499-49

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
Fax:  (317) 684-5173
E-mail Address: atownsend@boselaw.com
                sunger@boselaw.com
                cjanak@boselaw.com

-    and -

</div>

Caren L. Pollack
Atty. No. 11897-49
Pollack Law Firm, P.C.
10333 N. Meridian Street, Suite 111
(317) 660-4880
Fax (317) 660-4888
E-mail Address: acpollack@pollacklawpc.com

*Attorneys for the Defendants, the Town of Mooresville, the Mooresville Town Council, George Watkins, Jeffrey M. Cook, Anthony Langley, Virginia Perry, and Mark Mathis*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of November, 2012, a copy of the foregoing "Answer and Affirmative Defenses to the Plaintiff's Complaint for Declaratory and Injunctive Relief and for Damages" was filed electronically.   Notice of this filing was sent to the following by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

> Nicholas K. Kile
> nick.kile@btlaw.com
>
> Bart Karwath
> bart.karwath@btlaw.com
>
> Mark Crandley
> mark.crandley@btlaw.com

<div style="text-align:right;">

<u>/s/ Alan S. Townsend</u>
Alan S. Townsend

</div>

2249989_2. / 24192-2