UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA-AMERICAN WATER COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOWN OF MOORESVILLE, and THE ) <br> MOOREVILLE TOWN COUNCIL ) <br> GEORGE WATKINS, in his individual and ) <br> Official capacities, JEFFREY M. COOK, in ) <br> his individual and official capacities, ) <br> ANTHONY LANGLEY, in his individual and ) <br> official capacities, VIRGINIA PERRY, in her ) <br> individual and official capacities, MARK ) <br> MATHIS, in his individual and official ) <br> capacities, ) <br> ) <br> Defendants. ) | Case No. 1:12-cv-1493-TWP-DML |

## **DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

The Defendants, the Town of Mooresville ("Town"), the Mooresville Town Council (the "Council"), George Watkins ("Watkins"), Jeffrey M. Cook ("Cook"), Anthony Langley ("Langley"), Virginia Perry ("Perry'), and Mark Mathis ("Mathis") (collectively, "Mooresville"), by counsel, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, respectfully requests that the Court enter judgment on the pleadings on the Complaint for Declaratory and Injunctive Relief and for Damages filed by the Plaintiff, Indiana-American Water Company, Inc., ("IAWC"), in favor of Mooresville on the entirety of **Counts I, II,** and **III**, and further determining that IAWC cannot recover attorneys' fees or penalties in **Count IV**.  Finally, Watkins, Cook, Langley, Perry, and Mathis should be dismissed from the case.

In the Complaint, which also sues the members of the Mooresville Town Council in their individual capacities, **Count I** alleges that Mooresville has denied IAWC due process prior to taking IAWC's claimed property interests in its water operation and service territory. **Count II** alleges that Mooresville failed to provide IAWC with adequate notice as IAWC claims is required under Ind. Code § 8-1.5-2-10. **Count III** is a claim for unlawful search and seizure, based on a notice sent by Mooresville of its intent to inspect and examine IAWC's property and request to review records under Ind. Code § 32-24-1-3. **Count IV** alleges that Mooresville did not provide records under the Indiana Access to Public Records Act with a reasonable time, and seeks, in part, attorneys' fees and costs under the Act.

As is more fully set forth in Mooresville's Memorandum of Law in support of this Motion, which is being filed contemporaneously herewith, IAWC is required under Indiana law to "consent" to the purchase or condemnation of its water utility by Mooresville, Ind. Code § 8-1-2-93; Utility Center, Inc. v. City of Fort Wayne, 868 N.E.2d 453, 461 (Ind. 2007), but IAWC has filed this lawsuit in an effort to avoid consenting and to block the future condemnation of its utility. In cannot do so. In general:

1. With respect to **Count I**, IAWC has failed to exhaust its state remedy of inverse condemnation, Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985), and IAWC does not have a protected property interest in any water service area in and around Mooresville. Hendricks County REMC v. Public Service Co. of Indiana, Inc., 276 N.E.2d 852, 854 (Ind. Ct. App. 1972); In re Amended Complaint and Petition of Indiana-American Water Co., Inc., IURC Cause No. 43133, 2007 Ind. PUC LEXIS 349, *49 (Dec. 5, 2007).

2. Under **Count II**, the statute that IAWC relies upon for its notice and hearing requirement, Ind. Code § 8-1.5-2-10, does not apply to Mooresville's *purchase or condemnation* of IAWC's utility. Montgomery Light & Power Co. v. Town of Linden, 29 N.E.2d 209, 212-13 (Ind. 1940). Rather, IAWC received an extra hearing before Mooresville's Council that was not required, and IAWC was advised of the time and place and in fact attended the hearing.

3. As for **Count III**, as IAWC's Complaint concedes, Mooresville has not actually entered IAWC's property and IAWC has refused to allow Mooresville to inspect records and reports that may be related to the value of its utility. That is, nothing has been searched or seized. California v. Hodari D., 499 U.S. 621, 626 (1991). Instead, Mooresville has only sent a notice of intent to examine and inspect IAWC property – including a request that IAWC provide records for inspection – in a good faith effort to determine value of the utility pursuant to the eminent domain process under Ind. Code § 32-24-1-3. Such an inspection, even if it had occurred, is not unconstitutional. State v. Tindell, 399 N.E.2d 746, 746 (Ind. 1980).

4. IAWC also cannot recover attorneys' fees or costs under **Count IV**. While Mooresville disagrees that it failed to produce documents pursuant to Indiana's Access to Public Records Act within a reasonable time (less than 15 days is not unreasonable), at a minimum, IAWC has failed to seek an opinion from the Indiana Public Access Counselor prior to filing its Complaint, and it therefore cannot recover fees or costs under the Act. Ind. Code § 5-14-3-9.5(e).

5. Finally, with respect to all Counts, the individual elected members of the legislative Town Council – Watkins, Cook, Langley, Perry, and Mathis – have absolute

immunity from the Complaint, <u>Bogan v. Scott-Harris</u>, 523 U.S. 44, 49 (1998), and otherwise cannot be sued under Indiana law.  Ind. Code § 34-13-3-5(a).

IAWC's Complaint fails to allege sufficient facts to state a claim for relief that is plausible on its face, and in any event asserts claims that are barred or not available under controlling law.

WHEREFORE, the Defendants, by counsel, respectfully request that the Court grant their Motion for Partial Judgment on the Pleadings, and provide for all other appropriate relief.

Respectfully submitted,

*/s/ Alan S. Townsend*
Alan S. Townsend, Atty. No. 16887-49
Stephen C. Unger, Atty. No. 25844-49
J. Christopher Janak, Atty. No. 18499-49

BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
Phone:  (317) 684-5000
Fax:     (317) 684-5173
E-mail Address: atownsend@boselaw.com
sunger@boselaw.com
cjanak@boselaw.com

Caren Pollack, Atty. No. 11897-49
POLLACK LAW FIRM, P.C.
Three Meridian Plaza
10333 N. Meridian St., Suite 111
Indianapolis, IN  46290
Phone: (317) 660-4880
Fax:     (317) 660-4888
E-mail Address:  cpollack@pollacklawpc.com

*Attorneys for Defendants, the Town of Mooresville, the Mooresville Town Council, George Watkins, Jeffrey M. Cook, Anthony Langley, Virginia Perry, and Mark Mathis*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2012, a copy of the foregoing "Defendants' Motion for Judgment on the Pleadings" was filed electronically. Notice of this filing was sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Nicholas K. Kile
nick.kile@btlaw.com

Bart Karwath
bart.karwath@btlaw.com

Mark Crandley
mark.crandley@btlaw.com


*/s/ Alan S. Townsend*
Alan S. Townsend

2252096_1. /24192.2