# EXHIBIT N

| | | |
|---|---|---|
| STATE OF INDIANA | ) ) SS: | IN THE MORGAN SUPERIOR COURT |
| COUNTY OF MORGAN | ) | CAUSE NO. 55D01-1212-PL-2729 |

TOWN OF MOORESVILLE, INDIANA, )
)
    Plaintiff, )
)
v. )
)
INDIANA-AMERICAN WATER )
COMPANY, INC., and )
U.S. BANK NATIONAL ASSOCIATION, )
)
    Defendants. )

**FILED**

JAN 1 5 2013

*Stephanie Elliott*
CLERK CIRCUIT/SUPERIOR COURTS
MORGAN COUNTY

## MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED CASE

Defendant Indiana-American Water Company, Inc. ("IAWC") moves the Court to stay all proceedings in this case pending the outcome of IAWC's lawsuit against Plaintiff Town of Mooresville, Indiana ("Town"), and others, which alleges that the Town violated IAWC's due process rights, and asserts other claims, including but not limited to state law claims for violation of the notice requirements of Indiana Code § 8-1.5-2-10, and violation of the Access to Public Records Act, Indiana Code §§ 5-14-3-1 *et seq.* (APRA) (referred to herein as the "Due Process Case"). In support of this Motion to Stay, IAWC states as follows:

    1.    The Due Process Case was filed by IAWC on October 4, 2012, in the Morgan Circuit Court, Cause No. 55C01-1210-PL-2122. The Town removed it to, and it is presently pending in, the United States District Court for the Southern District of Indiana, Indianapolis Division, under Cause No. 1:12-CV-1493-TWP-DML. A motion for remand is pending in the Due Process Case.

2. In the Due Process Case, IAWC has asserted claims that the Town and other defendants in that case violated IAWC's due process rights in connection with the Town's purported notice and conduct of a public hearing prior to passing an ordinance which created a town-owned water utility and which purported to authorize the Town to proceed with, among other things, the taking of IAWC's Mooresville-area water utility operation (the "IAWC Mooresville Operation"). The Town's actions in this case are based on that ordinance (the "Enacted Ordinance").

3. In the Due Process Case, IAWC seeks, among other things, a declaration that the Town's actions were unlawful, unconstitutional and violated both federal and Indiana law, and that as a result, the Enacted Ordinance is void and any actions taken pursuant to the Enacted Ordinance are also void. A copy of IAWC's complaint in the Due Process Case is attached as Exhibit 1.

4. Because the Town's actions violated IAWC's due process rights and were otherwise in violation of state and federal law, prior to allowing the Town to proceed in any fashion with respect to any condemnation/eminent domain taking of IAWC's Mooresville Operation, the issues raised in the Due Process Case should be resolved.

5. If the Enacted Ordinance is declared void, the Town's actions pursuant to the Enacted Ordinance, including the Town's purported offer to purchase described in Paragraph 11 of the Town's Complaint, are also void.

6. Additionally, the Town has raised a legal issue in the Due Process Case which is also an issue in the case -- *i.e.*, whether IAWC has "consented" to the Town's taking of IAWC's Mooresville Operation or "waived" the right of requiring the necessity of such taking to be established by a court or "waived" all other remedies and rights, etc. Town's Complaint ¶ 8.

2

These issues are the subject of a pending motion for partial judgment on the pleadings filed by the Town in the Due Process Case and IAWC's combined brief in response and in support of IAWC's motion for remand. Copies of the parties' briefs filed in the Due Process Case are attached as Exhibit 2 (the Town's brief, pertinent pages are 2-4, 13-14), and Exhibit 3 (IAWC's brief, pertinent pages are 14-24.)

7. The interests of judicial economy will be served if the issues in the Due Process Case are resolved prior to further proceedings in this case. In the absence of a stay, there will be the potential of conflicting orders and decisions, competing appeals, and general uncertainty/confusion with respect to what rights each of the parties has or does not have relative to the Town's efforts to take IAWC's Mooresville Operation by the way of a hostile government takeover.

8. Furthermore, there is no emergency issue raised by the Town's attempt to take IAWC's Mooresville Operation. The Town has repeatedly acknowledged that its motivation to take IAWC's Mooresville Operation has nothing to do with any concern over quality of service, and instead is based solely on the Town's belief that it can operate IAWC's Mooresville Operation in a more cost-effective manner than IAWC. Copies of news reports of public statements of the Town on the subject are attached as Exhibit 4.

9. Accordingly, good cause exists for the Court to stay the proceedings in this case pending the outcome of the Due Process Case.

WHEREFORE, IAWC prays that the Court grant this Motion and stay proceedings in this case pending the outcome of the Due Process Case, and for all other appropriate relief.

/s/ Bart Kile

Nicholas K. Kile, No. 15203-53
Bart A. Karwath, No. 16088-49
Mark J. Crandley, No. 22321-53
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Stephen A. Oliver
Boren, Oliver & Coffey, LLP
59 North Jefferson Street
Martinsville, Indiana 46151
Telephone: (765) 342-0147
Facsimile: (765) 342-7322

Attorneys for Defendant
Indiana-American Water Company, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 15th day of January, 2013, a true and complete copy of the above and foregoing has been served upon the following, by depositing the same in the United States mail, first class postage prepaid.

Alan S. Townsend
J. Christopher Janak
Stephen C. Unger
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204

Timothy C. Currens
Harris & Currens, P.C.
9 West Main Street
Mooresville, Indiana 46158-1661

Lydia Morley
U.S. Bank Legal Department
800 Nicollet Mall
Minneapolis, MN 55402

_____