# EXHIBIT O

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MORGAN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MORGAN | ) | CAUSE NO. 55D01-1212-PL-2729 |

TOWN OF MOORESVILLE,  )
INDIANA,                              )
                                              )
            Plaintiff,                  )
                                              )
    vs.                                   )      Hon. Jeffrey V. Boles, Special Judge
                                              )
INDIANA-AMERICAN WATER )
COMPANY, INC., and U.S. BANK )
NATIONAL ASSOCIATION,    )
                                              )
            Defendants.              )

FILED
C\m 3-25-13
MAR 2 6 2013

Stephanie Elliott
CLERK CIRCUIT/SUPERIOR COURTS
MORGAN COUNTY

### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The Plaintiff, the Town of Mooresville, Indiana ("Mooresville"), by counsel, respectfully submits this Brief in Support of its Motion for Summary Judgment.

#### OVERVIEW

Eminent domain is a well-settled and straight-forward legal proposition. "As long as the governmental entity intends to use the land for a public purpose that is constitutional, there are few defenses to prevent a taking." Knott v. State, 973 N.E.2d 1259, 1262 (Ind. Ct. App. 2012). In this case, Mooresville is acquiring the local water utility that Indiana-American Water Company, Inc. ("IAWC") owns and operates in and around Mooresville (the "IAWC Mooresville Operation"). Under standard eminent domain jurisprudence, Mooresville prevails. E.g., State v. Collom, 720 N.E.2d 737 (Ind. Ct. App. 1999). Yet this matter is still more straightforward, as the Indiana Code explicitly provides that IAWC is "deemed to have **consented** to a future purchase or condemnation" of its utility by the local city or town, and is "deemed to have **waived** the right of requiring the necessity of such taking to be established by the judgment of a court, and to have **waived** all other remedies and rights relative to

condemnation..." Ind. Code § 8-1-2-93 (emphasis added). In short, Mooresville indisputably has the right to acquire the IAWC Mooresville Operation. The Court should accordingly enter an appropriation order as a matter of law and appoint appraisers to begin the process of determining the just compensation to be paid for the IAWC Mooresville Operation.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The following indisputable facts constitute all the facts necessary for this Court to enter summary judgment in favor of Mooresville:[1]

1. Mooresville is an Indiana municipality and political subdivision located in Morgan County. (Designation p. 0002; 0007a).

2. IAWC is a for-profit utility that owns and operates a water utility in and around Mooresville commonly known as the "IAWC Mooresville Operation." (Designation p. 0002; 0007a; 0007b).

3. On or about December 15, 1999, IAWC obtained its indeterminate permit from the Indiana Utility Regulatory Commission to operate the IAWC Mooresville Operation. (Designation p. 0226-0235).

4. On or about November 19, 2012, Mooresville obtained an appraisal of the value of the IAWC Mooresville Operation from Integra Realty Resources ("Appraisal"). (Designation p. 0090; 0099-0200).

5. On November 21, 2012, Mooresville tendered a written offer to IAWC, in the amount of $6,500,000, for the IAWC Mooresville Operation, following the Uniform Property Acquisition Offer from Ind. Code § 32-24-1-5. (Designation p. 0090; 0093-0200).

---

[1] Mooresville's Designation of Evidence in Support of Motion for Summary Judgment is being filed contemporaneously herewith. While all of the designated materials support the entry of an appropriation order in Mooresville's favor, these facts alone are sufficient to find in Mooresville's favor.

2

6. Mooresville based the offer amount of $6,500,000 on the Appraisal. (Designation p. 0090; 0093-0200).

7. On December 21, 2012, IAWC rejected Mooresville's offer. (Designation p. 0090; 0202-0203).

8. On December 24, 2012, the Mooresville Town Council adopted Ordinance No. 16-2012, determining in part that a public necessity exists for Mooresville to condemn the IAWC Mooresville Operation, and authorizing the filing of condemnation proceedings. (Designation p. 0039; 0082-0087).

PROCEDURE & STANDARD

### I. EMINENT DOMAIN.

There are alternative methods by which a municipality such as Mooresville may acquire the local water utility, and one of those methods is proceeding under the general eminent domain process in Indiana Code § 32-24. Ind. Code § 8-1.5-2-15; Utility Center, Inc. v. City of Fort Wayne, 868 N.E.2d 453, 461 (Ind. 2007). Mooresville – and not IAWC – determines which method to use, as the utility subject to condemnation "does not have the authority to designate a particular condemnation procedure." Utility Center, 868 N.E.2d at 461.

Standard eminent domain proceedings occur in two separate phases. The first phase is the appropriation phase – sometimes called the "take" phase – whereby the property owner must "show cause, if any, why the land should not be appropriated." Hass v. State, 843 N.E.2d 994, 997 (Ind. Ct. App. 2006). At this stage, the issue before the Court is whether the Defendants have presented a valid written objection to the appropriation itself. The second phase involves a separate process and trial wherein a fact finder determines the amount of "just compensation" owed to the property owner. Id. "Generally stated, the 'objections' phase of an eminent domain

proceedings concerns the propriety of the taking itself, while the 'exceptions' phase deals with the issue of just compensation." Id. at 998.

This matter is currently in the first phase. The "take" phase involves a shifting burden of proof. Mooresville has the limited burden to plead and, if an objection is timely filed, show that a good faith offer was made to purchase the property. Ind. Code § 32-24-1-4; City of Evansville v. Reising, 547 N.E.2d 1106, 1109 (Ind. Ct. App. 1989). A condemning authority satisfies this burden as a matter of law "when [it] uses the uniform form letter to make an offer based on [an] independent appraiser's fair market valuation." Wagler v. West Boggs Sewer Dist., Inc., 819 N.E.2d 815, 819 (Ind. 2008). Once Mooresville has met its burden, the burden shifts to IAWC "to prove a valid objection to the taking." Reising, 547 N.E.2d at 1109.

Objections to condemnation proceedings are limited, and this Court's review is restricted, "to whether the condemnation proceedings were legal, whether the condemning authority had authority to condemn the property in question, and whether the property was to be taken for a public purpose." Knott, 973 N.E.2d at 1262; Boyd v. State, 976 N.E.2d 767, 769 (Ind. Ct. App. 2012). The trial court cannot substitute its judgment for that of Mooresville for what is in fact needed for the accomplishment of its purpose, Dahl v. NIPSCO., 157 N.E.2d 194, 198 (Ind. 1959), and "[t]he courts are not to infringe upon the administrative act of determining the necessity or reasonableness of a taking." Boyd, 976 N.E.2d at 769. As the Indiana appellate courts have observed in numerous opinions:

> As long as the governmental entity intends to use the land for a public purpose
> that is constitutional, there are few defenses to prevent a taking.

Knott, 973 N.E.2d at 1262; Sagarin v. City of Bloomington, 932 N.E.2d 739, 744 (Ind. Ct. App. 2010). Vague objections also cannot be sustained. Rather, in order to state a valid objection,

4

IAWC was required to specifically identify particular defects and support their objection by alleging specific facts. Collom, 720 N.E.2d at 740.

The first phase is also "summary in nature," State ex rel. Chambers v. Jefferson Circuit Court, 316 N.E. 353, 354 (Ind. 1974), and courts should "avoid delay in trial court proceedings, which would in turn, to a high degree of probability, adversely effect the public interest to be served by the acquisition." State ex rel. Indiana & Michigan Elec. Co. v. Sullivan Circuit Court, 456 N.E.2d 1019, 1021 (Ind. 1983). Where objections are not timely, specific, or valid, the Court enters an order of appropriation and appoints appraisers to initiate the just compensation phase. Hass, 843 N.E.2d at 997; Ind. Code § 32-24-1-7(c) and Ind. Code § 32-24-1-8(e).

## II. SUMMARY JUDGMENT STANDARD.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which [the moving party] relies for purposes of the motion ... [show] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Summary judgment is also an appropriate treatment of the take phase in condemnation proceedings. Accord Wager, 898 N.E.2d at 822.

## ANALYSIS

The take phase of this case is even more straightforward than most eminent domain cases. IAWC has, as a matter of law, "consented" to the acquisition of the IAWC Mooresville Operation by Mooresville. E.g., Ind. Code § 8-1-2-93. The Court should enter an order of appropriation on that ground alone. Yet even assuming that IAWC does not legally consent to Mooresville's acquisition, Mooresville is still entitled to summary judgment. Not only has IAWC failed to raise a valid or sustainable objection, but Mooresville is exercising its right and discretion to acquire a utility in order to provide municipal water service to the public and, prior

5

to filing its lawsuit, Mooresville made a uniform statutory offer to IAWC based on an independent appraisal. Mooresville is therefore entitled to an appropriation order as a matter of law, and the Court should appoint appraisers to begin the process of determining the just compensation to be paid for the taking.[2]

### I. IAWC CONSENTS, AS A MATTER OF LAW, TO MOORESVILLE'S ACQUISITION.

The Indiana Code explicitly states that IAWC has "consented" to acquisition of its local utility by Mooresville and has "waived" all other rights relative to condemnation. Specifically:

> Sec. 93. Any public utility accepting or operating under any indeterminate license, permit, or franchise granted after April 30, 1913, shall by acceptance of any such indeterminate license, permit, or franchise be **deemed to have consented to a future purchase or condemnation** of its property including property located in contiguous territory within six (6) miles of the corporate limits of such municipality by the municipality in which such utility is located, at the value and under the terms and conditions as provided in IC 8-1.5-2, IC 36-9-23, or IC 36-9-25, as applicable, and shall thereby be **deemed to have waived the right of requiring the necessity of such taking to be established by the judgment of a court, and to have waived all other remedies and rights relative to condemnation**, except such rights and remedies as are provided in IC 8-1.5-2, IC 36-9-23, or IC 36-9-25, as applicable, and shall have been deemed to have consented to the revocation of its license, permit, or franchise by the commission for cause.

Ind. Code § 8-1-2-93 (emphasis added). Similarly, Indiana Code § 8-1-2-92 states:

> Sec. 92. (a) Every license, permit, or franchise granted after April 30, 1913, to any public utility shall have the effect of an indeterminate permit subject to the provisions of this chapter, and subject to the provisions that:
>     (1) the license, franchise, or permit may be revoked by the commission for cause; or
>     (2) the municipality may purchase or condemn the property as provided in IC 8-1.5-2, IC 36-9-23, or IC 36-9-25, as applicable.
> **Any such municipality is authorized to purchase such property and every such public utility is required to sell such property** at the value and according to the terms and conditions as provided in IC 8-1.5-2, IC 36-9-23, or IC 36-9-25, as applicable

---

[2] Defendant U.S. Bank National Association is named because it is a lienholder in the IAWC Mooresville Operation. (Designation p. 0003; 0007c). It has not filed any objections.

6

Ind. Code § 8-1-2-92. IAWC obtained an indeterminate permit to operate the IAWC Mooresville Operation in 1999. (Designation p. 0226-0235). As a matter of law, IAWC has therefore consented to the acquisition of that water utility by the local municipality – Mooresville. The only remaining issue is to determine the purchase price to be paid for the utility. The Court should therefore enter an order overruling any objections by IAWC and appoint appraisers to begin the just compensation phase.

## II.   EVEN IF IAWC DID NOT CONSENT, MOORESVILLE IS ENTITLED TO AN ORDER AUTHORIZING THE TAKE.

Even assuming, contrary to the plain language of the Indiana Code, that IAWC does not consent to acquisition of its local water utility by Mooresville, the Court should still enter an order of appropriation, appoint appraisers, and begin the second phase.

In its Answer, and contrary to its statutory consent and waiver, IAWC purports to set forth several general and vague objections to the acquisition. (Designation p. 007g – 007j). In order to state a valid objection, IAWC was required to "point out particular defects contained therein and allege specific facts supporting such objection." Collom, 720 N.E.2d at 740. IAWC failed to do so, and its objections must be overruled on that ground alone. Id. (finding that the "trial court erred when it declined to overrule Collom's answer to the State's complaint" when he failed to allege specific facts in his answer supporting his objection).

Still further, even had IAWC satisfied the threshold requirement in Collom, Mooresville is still entitled to an appropriation order. Again, the Court's review during the take phase is limited "to whether the condemnation proceedings were legal, whether the condemning authority had the authority to condemn the property in question, and whether the property was to be taken for a public purpose." Knott, 973 N.E.2d at 1262. None of those objections could be sustained here.

7

### A. Mooresville Has Made a Good Faith Offer as a Matter of Law

The prerequisite to filing a condemnation complaint under Ind. Code § 32-24 is making a good faith offer to purchase the property. Ind. Code § 32-24-1-3 and Ind. Code § 32-24-1-5. Mooresville hired an independent appraiser, and sent IAWC a uniform offer letter to purchase the IAWC Mooresville Operation based on that appraisal. (Designation 0090, 0093-0200). The Indiana Supreme Court has held that:

> [w]hen a condemning authority uses the uniform form letter to make an offer based on the independent appraiser's fair market valuation, the offer is considered good faith **as a matter of law**.

West Boggs, 898 N.E.2d at 819 (emphasis added). Mooresville has accordingly made a good faith offer to purchase IAWC's Mooresville Operation "as a matter of law."

### B. Mooresville has Authority to Condemn IAWC's Local Water Utility

Mooresville's authority to acquire IAWC's Mooresville Operation can hardly be doubted. Mooresville's statutory authority includes, for example:

- the authority to acquire by eminent domain "real and personal property" under Ind. Code § 36-1-4-5;

- "that any municipality may purchase, condemn, and operate or construct and operate, a utility in such municipality for the purpose of transportation, production, transmission, delivery, sale, and furnishing of heat, light, water, and/or power to such municipality, and/or the public in and within six (6) miles of the limits of such municipality" under Ind. Code § 8-1-2-86;

- the requirement that "[a]ny such municipality is authorized to purchase such property and every such public utility is required to sell such property" under Ind. Code § 8-1-2-92;

- that IAWC is "deemed to have consented to the further purchase or condemnation of its property including property located in contiguous territory within six (6) miles of the corporate limits of such municipality by the municipality in which such utility is located," as provided in Ind. Code § 8-1-2-93;

- that "[a] municipality may own, lease, acquire, or construct a utility within the corporate boundaries of the municipality, and within a radius of six (6) miles from

8

those boundaries or any place within the county in which the municipality is located, under this chapter without the consent of any agency other than the municipal legislative body" under Ind. Code § 8-1.5-2-3; and

- the authority to acquire the property of a public utility by exercising the power of eminent domain under Ind. Code § 8-1.5-2-15.

### C. Providing Municipal Water Service is a Public Purpose

It is axiomatic that "the furnishing of water to the inhabitants of a community is a public use for which private property may be condemned." 29A C.J.S. *Eminent Domain* § 35, p.151 (2007); see also, e.g., Wymberly Sanitary Sewer Work v. Batliner, 904 N.E.2d 326, 335 (Ind. Ct. App. 2009) (finding that utility service to homeowners is a public use). In granting municipalities condemnation powers over local water utilities, the General Assembly recognized the taking as a valid public purpose. E.g., Ind. Code §§ 8-1-2-86, 8-1-2-92; 8-1-2-93; 8-1.5-2-15. Indeed, the Indiana Supreme Court recently reconfirmed that a municipality may acquire a local water utility in Utility Center, Inc. v. City of Fort Wayne, 868 N.E.2d at 461.

### D. The Necessity of the Acquisition is within Mooresville's Discretion

Finally, while the necessity of a taking can in some circumstances be a proper subject for judicial review, "courts may inquire into the necessity of a taking only where the landowner produces evidence of bad faith, fraud, capriciousness, or illegality on the condemnor's part, such as 'where an attempt is made to show that the property taken will not be used for a public purpose, or the proceeding is a subterfuge to convey the property to a private use.'" Boyd, 976 N.E.2d at 769 (internal citations omitted). While IAWC objects on the ground that there is no public necessity, (Designation p. 0007h). IAWC merely states the objection without alleging specific facts supporting its objection, let alone providing any facts or mention of subterfuge or conveying the utility to a private use. Collom, 720 N.E.2d at 740. And, of course, pursuant to

9

Ind. Code § 8-1-2-93, IAWC is "deemed to have waived the right of requiring the necessity of such taking to be established."

Regardless, it is well-settled that "the courts are not to infringe upon the administrative act of determining the necessity or reasonableness of the decision to appropriate and take land." Indianapolis Power & Light Co. v. Barnard, 371 N.E.2d 408, 412 (Ind. Ct. App. 1978).[3] "Indeed, '[t]he necessity of the taking is *presumed*" Collom, 720 N.E.2d at 741, and "is not limited to the 'absolute or indispensable needs of [the entity], but is considered to be that which is reasonably proper and useful for the purpose sought.'" Id. 720 N.E.2d at 741 (citation omitted). It cannot be disputed that the acquisition of the IAWC Mooresville Operation is "reasonably proper and useful" for Mooresville to provide municipal water service in and around Mooresville, and Mooresville has acted within its legislative discretion. (Designation 0082-0087); Id. at 740 ("It has long been established that the necessity of taking property for public use is purely a legislative question and not a proper subject for judicial review; where the intended use is public, this question may be determined by such agency and in such manner as the legislature may designate.");

## CONCLUSION

No material fact is in dispute, and Mooresville is entitled to summary judgment. Mooresville has the right and authority to acquire IAWC's local water utility as a matter of law.

---

[3] See also, e.g., Cemetery Co. v. Warren School Twp. of Marion County, 139 N.E.2d 538, 546-47 (Ind. 1957) ("To us, this appears to be a matter for the determination of the legislature or the corporate body to whom the legislature has delegated such a decision."); Lake Cnty. Parks & Recreation v. Indiana-American Water Co., 812 N.E.2d 1118, 1125 (Ind. Ct. App. 2004) ("Moreover, the condemning utility's exercise of its authority may not be prevented unless a clear abuse of discretion is shown."); Ellis v. Public Service Co. of Indiana, 342 N.E.2d 921, 932 (Ind. Ct. App. 1976) ("the question of necessity is, for the most part, to be determined by the condemning [entity] itself").

10

As such, this Court should enter an order of appropriation and appoint appraisers to begin the just compensation phase.

Respectfully Submitted,

*[signature]*

Alan S. Townsend
Attorney No. 16887-49
J. Christopher Janak
Attorney No. 18499-49
Stephen C. Unger
Attorney No. 25844-49

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000 (Phone)
(317) 684-5173 (Fax)

-and-

Timothy C. Currens
Attorney No. 3475-55

HARRIS & CURRENS, P.C.
9 West Main Street
Mooresville, IN 46158
(317) 831-4466 (Phone)
(317) 831-4709 (Fax)

*Attorneys for the Plaintiff, Town of Mooresville, Indiana*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Brief in Support of Motion for Summary Judgment" has been deposited in the United States mail, first class postage prepaid, on the 25th day of March, 2013 addressed to:

Nicholas K. Kile
Bart A. Karwath
Mark J. Crandley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204

Lydia Morley
U.S. Bank Legal Department
800 Nicollet Mall
Minneapolis, MN 55402

Stephen A. Oliver
Boren, Oliver & Coffey, LLP
50 N. Jefferson Street
Martinsville, IN 46151

Hon. Jeffrey V. Boles, Special Judge
Courthouse, 51 W. Main St., 3rd Fl.
P.O. Box 349
Danville, IN 46122

_____
Alan S. Townsend

2319246/24192-1